IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA     : | |
| v.                           : | CRIMINAL NO.   03-599 |
| JOSE RAMON RIVAS             : | |
| a/k/a "Ray" | |

GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its attorneys, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, and Andrea B. Grace, Special Assistant United States Attorney for the District, respectfully submits this Sentencing Memorandum regarding defendant Jose Ramon Rivas, who is scheduled to be sentenced on June 7, 2005.  For the reasons provided below, the government respectfully recommends a sentence which exceeds the mandatory minimum in this case of 20 years imprisonment.

I.    BACKGROUND

On November 30, 2004, the defendant was found guilty by a jury of conspiracy to distribute more than 50 grams of cocaine base "crack" in violation of Title 21 U.S.C. § 846. There were two co-defendants in this matter, Juan Johnson and Darren Culler.  They both pled guilty on September 15, 2004.

II.   SENTENCING CALCULATION

A.    Statutory Maximum Sentence

The maximum sentence that may be imposed on defendant is life imprisonment, with a 20 year mandatory minimum period of imprisonment, and an $8,000,000 fine.

B.   Sentencing Guidelines Calculation

The defendant has one prior federal conviction for conspiracy to possess with the intent to distribute cocaine from the Southern District of Florida, 1991.  This gives the defendant 3 points, for a criminal history category of II.  The base offense level for this case, based on the weight of the cocaine base "crack", is 34.  The defendant is not eligible for any adjustments under the Sentencing Guidelines.  The resulting calculation is 168 to 210 months.  However, as stated above, there is a statutory mandatory minimum sentence of 20 years imprisonment due to the weight of the cocaine base "crack" , and Rivas' prior distribution conviction.  Therefore, the guideline sentence is 240 months.

Because there is a statutory mandatory minimum sentence in this case which exceeds the guideline range, the decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005) does not apply.

III.   GOVERNMENT'S RECOMMENDATION

The defendant in this matter has been convicted by a jury of conspiracy to distribute cocaine base "crack".  His conviction is compounded by the fact that he has previously been found guilty of the same charge by a federal court.  In fact, he wasted no time after completing his period of supervised release before committing the same crime again.   By engaging in the same criminal conduct he was previously convicted of, Rivas has effectively demonstrated his complete lack of rehabilitation or reform.  Even while in Federal custody, he failed to abide by the rules set for him.  He walked away from a federal prison camp, was

charged with escape, and committed several institutional infractions. For all of the above reasons, the government respectfully recommends that the Court impose a period of incarceration which exceeds the 20 year mandatory minimum sentence.

        Respectfully submitted,

        PATRICK L. MEEHAN
        United States Attorney


_____

ANDREA B. GRACE
Special Assistant United States Attorney

Date:   May 20, 2005.