**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | |
| | | **No. 03-CR-599-01** |
| JOSÉ RAMÓN RIVAS, | : | (Timothy J. Savage, J.) |
| Defendant. | : | |

<u>DEFENDANT RIVAS'S SENTENCING MEMORANDUM</u>

The defendant, José R. Rivas, will come before this Court
on Tuesday, June 7, 2005, for sentencing, in the wake of his
conviction, after trial, on a single count of conspiracy to
distribute cocaine base, 21 U.S.C. § 846.  The Probation
Officer's PSI takes the position that a 20-year mandatory
minimum term applies and suggests that the minimum be imposed.
The United States has filed a Sentencing Memorandum which also
claims that a 20-year mandatory minimum applies, and that the
Guideline sentence is 240 months.  The prosecutor asserts that
the Supreme Court's decision in <u>United States v. Booker</u>, 543
U.S. --, 125 S.Ct. 738, 160 L.Ed.2d 621 (Jan. 12, 2005), "does
not apply," and that the Court should sentence Mr. Rivas to "a
period of incarceration which exceeds the 20 year mandatory
minimum sentence."  Gov't Mem. 3.  This memorandum shows that
the Probation Office is mistaken and that the government's
position is unlawful.

The Court's statutory duty, in this as at every sentencing,
is to determine and impose the punishment which is "sufficient,
but not greater than necessary," 18 U.S.C. § 3553(a), to achieve

the various purposes of criminal justice in the case at hand. For José Rivas, that sentence would be far less than 20 years.

Procedural Background.  Defendant Rivas was named on September 17, 2003, as the first of three defendants in a six-count indictment charging offenses under 21 U.S.C. §§ 841 and 846 relating to distribution of cocaine base ("crack").  Mr. Rivas was charged only in Counts One and Four.[1]  Mr. Rivas was not charged in the remaining four counts, suggesting that the grand jury did not even find probable cause to believe that the conduct alleged in those counts was attributable to Mr. Rivas, either by aiding and abetting or through the conspiracy (Pinkerton liability).

Following a trial by jury which began November 29, Mr. Rivas was convicted on November 30, 2004, under Count One of conspiring between April and September 2002 with Darrin Culler and Juan Johnson to distribute more than 50 grams of "crack." The jury acquitted Mr. Rivas on Count Four.

The Governing Statutory Structure.

In the wake of Booker, it will be the Court's duty to impose the sentence which is "sufficient, but not greater than necessary," 18 U.S.C. § 3553(a), to fulfill the purposes of sentencing listed under id.(a)(2).  Booker, 160 L.Ed.2d at 651,

---

[1] The indictment also contains two sentencing-related "notices": a criminal forfeiture under 21 U.S.C. § 853, and a notice of prior convictions under 21 U.S.C. § 841(b).  On November 26, 2004, according to the docket, the U.S. Attorney's Office filed an information under 21 U.S.C. § 851.

659, 661, 664.  Those purposes are promotion of respect for law, including the provision of just punishment in light of the seriousness of the offense; deterrence (both general and specific); incapacitation to protect the public; and any needed rehabilitation and treatment of the offender.

Booker held (as expressed in an opinion by Justice Stevens) that the operation of the U.S. Sentencing Guidelines, when implemented in the manner prescribed in the Sentencing Reform Act, the Commission's policy statements, and the Federal Rules of Criminal Procedure, violated a defendant's Sixth Amendment right to jury trial, as interpreted in cases from Apprendi v. New Jersey, 530 U.S. 466 (2000), through Blakely v. Washington, 542 U.S. --, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).  As a remedy for this constitutional defect, in the part of the decision authored by Justice Breyer, the Court severed and excised 18 U.S.C. § 3553(b)(1) (the mandatory guidelines provision) from the SRA, leaving the rest of that Act (other than the standards of appellate review in § 3742(e)) intact, as well as all of the sentencing guidelines and policy statements.  The Court held that applying severability analysis to strike these two statutory sections from the Act was necessary to achieve as closely as possible the intent of Congress in enacting the Sentencing Reform Act.

After excising § 3553(b)(1) and § 3742(e), the remainder of the Act is constitutional, the Court held.  Thus, sentencing judges must still consider the guidelines, see 18 U.S.C. § 3553(a)(4), but these rules are no more controlling of the

final sentencing decision than any of the many other factors the
court must consider under § 3553(a) as a whole.  See <u>United
States v. Ranum</u>, 353 F.Supp.2d 984 (E.D.Wis. 2005).  Thus, the
special verdict finding beyond a reasonable doubt that Mr. Rivas
conspired to distribute more than 50 grams of "crack" does <u>not</u>
mandate a sentence at or above Level 32 under USSG § 2D1.1-
(c)(4),[2] because a guideline sentence is no longer <u>ever</u>
mandated.  Instead, in this case as in any other, the Court must
consider <u>all</u> of the seven or more § 3553(a) factors.  One (and
only one) provision of the Sentencing Reform Act remains manda-
tory post-severance, however:  the actual sentence imposed must
never be "greater than necessary" -- although it must also be
"sufficient" -- to achieve the purposes of sentencing listed
under <u>id.</u>(a)(2).  The sentence thus selected may be reviewed on
appeal, but will be reversed only if found "unreasonable."  At
the same time, "reasonableness" is only the standard of appel-
late review; it is not the rule of decision in this Court.

Applying those criteria and that methodology to this case,
the Court should find, at the conclusion of the sentencing
hearing, that the proper sentence -- that is, the sentence which
seems, after consideration of the statutory factors, to be
"sufficient, but not greater than necessary" -- would be closer
to ten years than to the twenty suggested by the PSI.  This is

---

[2] Level 32 would be generated by a "relevant conduct" finding of
50 grams, if there were no other pertinent adjustments.  <u>See</u>
USSG § 2D1.1(c).  The PSI recommends none, and the government
has waived any objection to that position by filing no
objections to the Report.

so even though that sentence would then be less than the minimum
of the U.S. Sentencing Guidelines range (however calculated).

    Constitutional Constraints.  The defense addresses first
the government's claim -- offered without legal support -- "that
the Court [should] impose a period of incarceration with exceeds
the 20 year mandatory minimum sentence."  Any term above the
"Guideline sentence" would be unconstitutional in this case.
Prior to Booker, no sentence above the Guidelines range could be
imposed absent a narrowly justified "departure."  18 U.S.C.
§ 3553(b)(1).  To the extent that the new decision would expand
this Court's authority to exercise unfavorable discretion, it
would thus violate the principles behind the Ex Post Facto
Clause, U.S. Const., art. I, § 9, cl. 3, and therefore cannot be
applied.  See Lindsey v. Washington, 301 U.S. 397 (1937).  The
government's memorandum does not attempt to show that an upward
departure would be justified under pre-Booker criteria.  From
this, it follows that the prosecutor's recommended sentence
would be unlawful in this case.

    The Ex Post Facto Clause, as such, addresses only adverse
retrospective changes in legislation; it is not directly
concerned with changes in the law resulting from court deci-
sions.  Yet ex post facto principles are also inherent in Due
Process.  Bouie v. City of Columbia, 378 U.S. 347 (1964).  A new
judicial decision cannot be applied retroactively to a defen-
dant's detriment if its result was "unforeseeable" at the time
of the offense.  Rogers v. Tennessee, 532 U.S. 451, 456-58

(2001); Marks v. United States, 430 U.S. 188, 191-92 (1977).
Accordingly, no sentence above the guidelines can be imposed
here.  There is no bar, other than the mandatory minimum if it
applies, to sentencing below the guidelines range, however, so
long as the sentence chosen is "sufficient" to achieve the
statutory goals.

Application of the Statutory Factors.

Section 3553(a), which now governs federal sentencing to
the exclusion of § 3553(b), sets forth nearly a dozen factors
which this Court must "consider."  Fair consideration of those
factors leads to a much lower sentence that suggested in the PSI
or the Government's Sentencing Memorandum.

(i) Nature of offenses and available sentences --
18 U.S.C. § 3553(a)(1) (in part) and (a)(3)

As noted, Mr. Rivas stands convicted of one count:  crack
distribution conspiracy.  Because the jury found, in a special
verdict, that the conspiracy had the objective of distributing
at least 50 grams of "crack," the statutory maximum is a term of
life imprisonment.  See 21 U.S.C. §§ 841(b)(1)(A), 846.  See
United States v. Phillips, 349 F.3d 138 (3d Cir. 2003) (statu-
tory maximum set by full scope of conspiracy, not by defendant's
individual involvement); see also United States v. Gori, 324
F.3d 234 (3d Cir. 2003) (higher maximum under § 841(b) triggered
in § 846 conspiracy case by aggregate of agreed transactions).
This has no practical impact on the actual sentence to be
imposed, however, because of the Ex Post Facto/Due Process cap

just described, and because any mandatory minimum is determined independently of the statutory maximum.

The jury was not instructed to find the amount within the scope of the overall conspiracy with which Mr. Rivas was personally "involved" under "relevant conduct" principles, and Mr. Rivas was not convicted on any substantive drug count.  Therefore, as discussed in the decisions of numerous Circuits,[3] no mandatory minimum should apply.  See generally United States v. Colon-Solis, 354 F.3d 101 (1st Cir. 2004) (mandatory minimum triggered by defendant's own involvement, not by scope of entire conspiracy); United States v. Swiney, 203 F.3d 397, 401-06 (6th Cir. 2000); United States v. Ruiz, 43 F.3d 985, 992 (5th Cir. 1995); United States v. Young, 997 F.2d 1204, 1210 (7th Cir. 1993); United States v. Irvin, 2 F.3d 72 (4th Cir. 1993); United States v. Becerra, 992 F.2d 960, 967 n.2 (9th Cir. 1993); United States v. Martinez, 987 F.2d 920 (2d Cir. 1993); United States v. Jones, 965 F.2d 1507 (8th Cir. 1992).  These pre-Blakely, pre-Booker cases are good law for their statutory construction of § 846, although not for their holdings of what the sentencing judge rather than the jury can decide.

As the Tenth Circuit has suggested, the Court after Booker should apply a burden of proof of beyond a reasonable doubt, or at least a level of fact-skepticism beyond a bare preponderance. United States v. Dazey, 403 F.3d 1147, 1178 (10th Cir. 2005) ("strength of the evidence supporting Guidelines enhancements"

_____

[3] Strangely, the Third Circuit has seemingly never addressed this issue.

may "now, in the discretion of the district court," be more
relevant to sentencing decision).  Many district judges have
agreed with this analysis.  See <u>United States v. Kelley</u>, 355
F.Supp.2d 1031 (D.Neb. 2005)[4]; <u>United States v. Carvajal</u>, 2005
WL 476125 (S.D.N.Y., 2/22/05); <u>United States v. Gray</u>, 362
F.Supp.2d 714 (S.D.W.Va. 2005); <u>United States v. Harper</u>, 360
F.Supp.2d 833 (E.D.Tex. 2005); <u>United States v. Pimental</u>, 2005
WL 958245 (D.Mass., 4/21/05); <u>United States v. Coleman</u>, No. 02-
CR-130 (S.D.Oh., 5/24/05).[5]  The Court should therefore require
the government to prove, to this Court's own satisfaction as
factfinder,[6] the scope and duration of the conspiracy and the
extent of the defendant's role and actions, that is, the
"relevant" amount for the defendant's own "involvement" in the
Count One conspiracy.

Count One charges that the object of the conspiracy was to
distribute a total amount of only about 257 grams.  The five
transactions listed in the indictment total 312.8; the differ-
ence is 55.8 grams.  Apparently, the grand jury believed that
one or more of those five transactions was not part of the
conspiracy, but did not say which one.  As a result of this
inconsistency, it cannot assumed that the jury found Mr. Rivas

---

[4] Accord, <u>United States v. Huerta-Rodriguez</u>, 355 F.Supp.2d 1019
(D.Neb. 2005).

[5] See:
sentencing.typepad.com/sentencing_law_and_policy/files/coleman_sentencing_memorandum.pdf

[6] The defendant preserves his position that <u>Harris v. United
States</u>, 536 U.S. --, 122 S.Ct. 2428 (2002), was wrongly decided,
and that only the jury can find the "relevant conduct" amount to
establish a mandatory minimum.

guilty of the entire conspiracy as charged.  He was specifically
acquitted on a count charging involvement in a 80.1 gram trans-
action; at least that much should be discounted out of respect
for the jury's factfinding authority.  Upon consideration of the
government's proof, this Court should find that the reliably
proven "relevant" quantity is less than 50 grams, and on that
basis hold that the (b)(1)(A) mandatory minimum does not apply.
The Court can then impose a lesser sentence in this case if it
is "sufficient, but not greater than necessary."

    If the Court finds that a mandatory minimum does apply, it
should at least find that the mandatory is not doubled under 21
U.S.C. § 851.  To be valid and binding, the Information -- which
is a jurisdictional prerequisite to the invocation of the
statutory doubling provision -- must be both filed and served in
strict compliance with the law.  See <u>United States v. Calic-
zynski</u>, 44 F.Supp.2d 707 (E.D.Pa. 1999) (Robreno, J.).  In
several ways to be detailed in a separate motion, that did not
occur here.  Accordingly, if there is a mandatory minimum in
this case, it is no greater than ten years (if the Court finds
the amount "involved" to be more than 5 grams but less than 50
the mandatory minimum term would be five years), not 20.[7]

          *(ii) History and characteristics of the offender
               -- 18 U.S.C. § 3553(a)(1) (in part)*

    As noted in the PSI, Jose Rivas is 34 years old.  Born in
New York, he never knew his father.  His family moved to Phila-

---

[7] If the Guideline range is reduced, so will be the guideline
fine.  If the § 851 notice is stricken, the maximum fine and
term of supervised release are halved as well.

delphia when he was 16 years old.  He is himself the father of a teenage daughter.  Although frequently arrested, nearly all charges were dropped for lack of evidence.  These should be treated no differently from acquittals.  He has only one prior conviction, the 1991 federal case from Florida, which occurred before he was 21 years old.

> *(iii) The applicable guideline range and policy*
> *statements -- 18 U.S.C. § 3553(a)(4) & (a)(5)*

While some courts have suggested that the Guidelines sentence may (or even must) still be given presumptive weight after Booker (notably, United States v. Wilson, 350 F.Supp.2d 910 (D.Utah 2005), on reconsideration, 355 F.Supp.2d 1269), critical analysis shows that imposition of such a presumption recreates the same constitutional flaw which the Supreme Court found in Booker.  Most of the claims made in Wilson about the Sentencing Commission's inclusion of relevant factors in its design of the Guidelines are incorrect.  See United States v. Jaber, 2005 WL 605787 (D.Mass., 3/16/05); United States v. Ranum, 353 F.Supp.2d at 985 ("Wilson is inconsistent with the holdings of the ... majority in Booker").

In addition to the points made in Jaber and Ranum, Wilson is wrong as a matter of statutory construction.  It is surely incorrect to read a statute requiring a court to consider seven different enumerated factors as establishing an unexpressed presumption that all significant aspects of five of those factors are incorporated into the considerations listed fourth and fifth.  To the contrary, the strong assumption is that

Congress means to require something additional by each separate clause of the statute.  See Ratzlaf v. United States, 510 U.S. 135, 140-41 (1994) (criminal statutes should not be construed so that an element is rendered superfluous).

Because the defendant has pleaded Not Guilty in this case, and the evidence presented at trial was not credible, the defense cannot suggest what the correctly and constitutionally calculated guideline range would be.  The PSI reports that the defendant's guideline range would ordinarily be 168-210 months, higher than a ten-year term, but lower than the mandatory minimum if the minimum term is 20 years.  Whatever level the Court determines is the range the Court is bound to "consider" under 18 U.S.C. § 3553(a)(4).

Under § 3553(a)(5), the Court should also consider the Sentencing Commission "policy statement" which states that the Court should not consider a defendant's efforts at "substantial assistance," such as extensive and valuable pretrial proffer sessions, unless vouched for in a government "departure" motion under USSG § 5K1.1 (p.s.).  Upon such consideration, the court should then reject the no-longer-binding government-motion limitation.  See United States v. Hubbard, 2005 WL 958247 (D.Mass. 4/25/05) (Ponsor, J.) (after Booker, court can sentence below Guideline range in recognition of "substantial assistance" that government will not acknowledge via motion for "departure" under § 5K1.1).

In the end, however, the guideline range will be but one factor in deciding the proper punishment and sentence under

-11-

§ 3553(a), and neither the rigid <u>Wilson</u> misinterpretation nor the limitations of any policy statement can prevent the Court from sentencing at a lower level if it reasonably finds that punishment to be "sufficient."

*(iv) Unwarranted disparity -- 18 U.S.C. § 3553(a)(6)*

This provision calls upon the Court to avoid unwarranted disparity by considering the sentences received by offenders with "similar records" who are "convicted of similar conduct." The co-defendants in this case have pleaded guilty and testified at trial against Mr. Rivas.  They are yet to be sentenced.  To the extent that those individuals have "similar records," the Court must consider in selecting the sentence for the defendant, what sentence is likely to be imposed on the co-defendants.  The Court should also consider the far less draconian sentences imposed in state court on defendants who are otherwise similarly situated, but whose cases have not been "taken federal."

The defendant acknowledges that it is not inappropriate to reward the co-defendants' cooperation and acceptance of respon-sibility.  Yet the government often seeks, and Judges of this Court often impose, sentences on major drug manufacturers and wholesale dealers with records at last as bad as Mr. Rivas's which are not even half of what he is facing.  It is fair, in that context, to raise the issue of unwarranted disparity.  With the Guidelines rendered advisory, the Court can remediate those excessive differences by reducing Mr. Rivas's sentence signifi-cantly.

*(v) Purposes of sentencing & need for restitution*
*-- 18 U.S.C. § 3553(a)(2) & (a)(7)*

As already noted, the ultimate decision the Court must make, after "considering" all of the matters just discussed, is to find the sentence which is "sufficient, but not greater than necessary" to achieve the traditional goals of criminal punishment, which are listed in subsections (a)(2) and (a)(7) of § 3553. The question after Booker, in other words, is whether a sentence within the guideline range is truly "necessary," in the case at hand, to achieve the Congressionally defined purposes -- (A) "just punishment" in light of "the seriousness of the offense"; (B) "deterrence," both general and specific; (C) incapacitation "to protect the public"; and (D) any "needed" rehabilitation and "correctional treatment" of the offender. 18 U.S.C. § 3553(a)(2).[8]

Conspiring to sell ounces of crack cocaine is indeed a serious offense, id.(a)(2)(A), and the defense concedes that substantial punishment is called for under the law. However, this Court must consider, under post-Booker law, whether a sentence of more than ten years is truly "necessary" to deter either Mr. Rivas or others from such conduct, id.(a)(2)(B). Would a sentence of nine years, for example, or even less, not be "sufficient" to accomplish this end? Incarceration is not to be used for the purpose of providing "correction and rehabilitation." 18 U.S.C. § 3582(a). Nevertheless, the § 3553(a)(2)(D)

---

[8] In this case, "restitution to any victim" is not a factor. Id. § 3553(a)(7).

purpose of affording Mr. Rivas needed correctional treatment may be pertinent in the areas of education and job training.  <u>See</u> PSI ¶¶ 50-51.  Moreover, the Court should consider, in terms of protecting the public from further criminal activity, <u>id.</u>(a)-(2)(C), that all scholarly studies for the past 40 years have concurred that the risk of recidivism falls off rapidly after age 40.  <u>E.g.</u>, Daniel Glaser, *Effectiveness of a Prison and Parole System* 36-37 (1964); P.B. Hoffman & J.L. Beck, "Burnout -- age at release from prison and recidivism," 12 J.Crim.Just. 617 (1984).  Mr. Rivas is presently 34, and will therefore be well over 40 when released from any sentence now imposed.  In this respect as well, a <u>guideline</u> sentence -- from which (even after taking good conduct time into account) he would not be released until near or past the age of 50 -- is "greater than necessary," while a substantially shorter term would be more than "sufficient."

For all these reasons, consideration of the § 3553(a) factors should lead this Court to impose a shorter term than is recommended in the PSI or by the government.

<u>A Statement of Reasons Is Still Required.</u>

Section 3553(c) was not excised from the Sentencing Reform Act by the Supreme Court in <u>Booker</u>, and is not inconsistent with the post-<u>Booker</u> regime.  Hence, the cases to date agree that the Court must still state reasons for its sentence.  <u>United States v. Webb</u>, 403 F.3d 373, 385 n.8 (6th Cir. 2005); <u>United States v. Crosby</u>, 397 F.3d 103, 116 (2d Cir. 2005).  Where, as here, the

-14-

width of the Guideline range (in all likelihood) exceeds 24 months, the Court must state a specific reason for selection of the particular point within the range for any sentence that is within the guidelines.  18 U.S.C. § 3553(c)(1).  For any sentence outside the guideline range, the Court must place its specific reasons in writing and make them part of the judgment. Id.(c)(2).  The stated reason should attempt to explain why the sentence selected is "not greater than necessary," while still being "sufficient" to achieve the Congressional goals set forth in subsection (a)(2), since that is the statutory touchstone.

## CONCLUSION

For the reasons discussed in this Memorandum, it is quite wrong to suggest that Booker does not apply to this case. Section 3553(a) of title 18 identifies the major factors, and several subsidiary issues, that this Court should consider at any sentencing.  The term imposed should be less than ten years, and should in any event be nearer to ten than to twenty.

Respectfully submitted,

Dated: May 26, 2005

s/Peter Goldberger
By: PETER GOLDBERGER
PA Atty. No. 22364
LOUIS T. SAVINO, JR.          50 Rittenhouse Place
LOUIS T. SAVINO & ASSOC.      Ardmore, PA  19003
Two Penn Center Plaza, ste 1516
15th St. and JFK Blvd.          (610) 649-8200
Philadelphia, PA  19102       fax:  (610) 649-8362
                              e-mail: peter.goldberger@verizon.net
  (215) 568-1300
                    Co-Counsel for Defendant

-15-

<u>CERTIFICATE OF SERVICE</u>

On May 26, 2005, I served a copy of the foregoing document on counsel for the United States, and on the assigned U.S. Probation Officer, by fax or copy of electronic filing and by U.S. mail, first class postage prepaid, addressed to:

```
Andrea B. Grace, Esq.        Cassie L. Gindville, U.S.P.O.
Special Ass't U.S. Attorney  United States Probation Office
615 Chestnut St., Ste 1250   600 Arch St., Suite 2400
Philadelphia, PA  19106      Philadelphia, PA  19106
```

*__s/Peter Goldberger_____*