**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **JOSE RAMON RIVAS** | : | **NO. 03-599-1** |

**MEMORANDUM OPINION**

**Savage, J.**                                                                                          **August 29, 2023**

After serving slightly over five years of his ten-year term of supervised release, Jose Ramon Rivas has moved for early termination. The Government opposes his request, citing the seriousness of the offense of his conviction, a previous cocaine trafficking conviction and incarceration, and his having served only half of his term of supervised release.

On June 22, 2005, after a jury found him guilty of conspiracy to distribute more than 50 grams of crack cocaine, Rivas was sentenced to a mandatory minimum sentence of twenty years imprisonment and a ten-year term of supervised release. His sentence was driven by his prior felony drug conviction.

Rivas was granted Executive Clemency on October 7, 2016, contingent on his completing the Bureau of Prison's Residential Drug Abuse Program (RDAP). After Rivas completed RDAP, he was released from custody on March 8, 2018. He has been on supervised release for five years and four months. He now moves to terminate his supervised release.

A court may, in its discretion, terminate a term of supervised release after one year "if termination is warranted by the defendant's conduct and is in the interest of justice." 18 U.S.C. § 3583(e).  Before doing so, the court must consider the sentencing factors set

forth in § 3553(a).   Despite the statutory mandate that a court consider all § 3553(a) factors, the Third Circuit Court of Appeals has held that the need for a sentence to reflect the seriousness of the offense, promote respect for the law and provide just punishment is not relevant to the consideration of early termination of supervised release.  *United States v. Murray*, 692 F.3d 273 (3d Cir. 2012).

Supervised release is not intended to be a form of punishment. It is meant to assist the defendant integrating into the community. It is a form of rehabilitation. *United States v. Sheppard*, 17 F.4th 449, 454 (3d Cir. 2021); *Murray*, 692 F.3d at 280.

Rivas argues that since he was sentenced in 2005, he has changed and is no longer at risk of committing further crimes. He maintains that since his release, he has been a low security risk. He claims he has been required to meet in person with his probation officer only once when he returned home from halfway house custody and that this lenient probation requirement shows that he is not only not at risk for re-offending, but that he does not need assistance to support his rehabilitation.

Rivas has worked as a truck driver since his release from prison. He started working for NFI Trucking in the warehouse department. NFI promised him a program to obtain his Commercial Driver's License (CDL). When his company failed to offer him or his colleagues the program, Rivas changed jobs to work in maintenance. During that time, he received a Pennsylvania CareerLink WIOA grant to fund CDL certification tuition.

For nine weeks, he worked fulltime and attended CDL courses at night. Once he passed the written and driving exams, he began working for Western Express as a truck driver. Western Express required out-of-district travel for weeks at a time. During that

time, he communicated with his probation officer about his travel. He currently works as a nightshift and weekend driver for Penske.

Rivas is remodeling his family home to use as a rental property. On Sundays, he livestreams religious services from the Abyssinian Baptist Church on Germantown Avenue.

Rivas also argues that the Sentencing Commission recommends as few as two years of supervised release and at most eight years of supervised release for similarly situated defendants. He points to Application Note 5 of the sentencing guidelines at § 5D1.2, which recommends early termination for RDAP graduates with low recidivism risk. Relying on the Sentencing Guidelines mandate to avoid unwarranted sentence disparities among similarly situated defendants, Rivas argues that if he were sentenced today under the First Step Act, his term of supervised release would be eight years, not ten.

The Government does not dispute that Rivas has complied with the terms of his supervised release. Instead, it argues that his full compliance does not justify early termination. Given the seriousness of his crime and his criminal history, it urges us to deny his motion.

Relying on his previous conviction for drug trafficking and his poor adjustment to prison following his previous conviction, the Government argues that he needs to be deterred from committing future crimes. He committed numerous infractions while incarcerated for his first offense, including an escape attempt.[1] Only a few years after his release from custody, he committed the same crime, drug trafficking.

---

[1] Riva's infractions and escape attempt predated the sentence and imposition of supervised release in this case. The government has not argued that Rivas had any infractions or violations during the term of incarceration and supervised release here.

The Probation Office also opposes Rivas's request for early termination of supervised release. It contradicts his assertions that he was classified as low-risk within weeks of starting his supervised release and that he met with a supervising officer in person only once. The Probation Office reported that it placed Rivas on the low-risk caseload three months after he began supervised release. Contrary to his representation that he was required to meet with Probation only once, officers met with him in person at the probation office (March 12, 2018), at his former residence (March 16, 2018), in the office for drug testing (May 23, 2018 and May 16, 2023), and at his home for a new residence inspection (September 15, 2021).

Rivas has argued that the sentencing guideline range applicable to his category of offense is between two and five years. This is incorrect. The statute under which Rivas was sentenced requires eight years of supervised release. Rivas was convicted of conspiracy to distribute more than 50 grams of crack cocaine. The term of supervised release is eight years. 21 U.S.C. § 841(b)(1)(B)(iii)-(viii). Rivas had a qualifying prior conviction when he was sentenced for this offense. Thus, the term of supervised release could not have been less than the statutorily required eight years. *Id.*; *see also* U.S.S.G. 5D1.2(c) ("The term of supervised release imposed shall be not less than any statutorily required term of supervised release.").

Still, we are mindful of the two-year disparity between the supervised release term imposed on him—ten years—and the one he would have received following statutory changes—eight years. However, Rivas has been on supervised release for five years and four months. Even if his term were eight, not ten, years, he has almost three years remaining on his term of supervised release. Thus, we evaluate the § 3553 factors.

Rivas is a different person today than he was in 2005, when he was sentenced for a second federal drug trafficking crime. Now, he is engaged in productive and gainful employment. He achieved his CDL by attending courses at night and working full time during the day. Outside of work, he is renovating his family home to prepare it for future rentals. He attends weekly virtual religious services. He lives with his wife, Maryetta, with whom he shares a stable family environment. With permission and without incident, he vacationed with his wife in New Orleans to visit family and has travelled in his job.

Supervised release is designed to facilitate a defendant's integration into the community. Rivas has demonstrated he is on his way to rehabilitation, but he is not there yet. Contrary to his representations, he is still monitored on supervision. Thus, given the Probation Office's opposition and his having served slightly over half his term, termination would be premature. Nevertheless, he may renew his request after he has served seven years.

## Conclusion

Having considered the relevant § 3553(a) factors, we conclude that early termination of supervised release is not warranted. Therefore, we shall deny his motion.